Matthew A. Barlow (#9596) mbarlow@wnlaw.com
T. Edward Cundick (#10451) tcundick@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Diamonds Direct, L.C. d/b/a Lashbrook Jewelry Designs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIAMONDS DIRECT, L.C. d/b/a LASHBROOK JEWELRY DESIGNS, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CHAD ANDERSON, an individual, MELISSA BURNETT, an individual, SHAWN CLARK, an individual, HEAVY STONE RINGS, LLC, a Utah Limited Liability Company, and JOHN DOES #1-#5<br><br>Defendants. | COMPLAINT<br><br>Case No. 2:22-cv-00503-DBP<br><br>Magistrate Judge: Dustin B. Pead |

Plaintiff Diamonds Direct, L.C. d/b/a Lashbrook Jewelry Designs, (**"Lashbrook"**) hereby complains of Defendants Chad Anderson (**"Anderson"**), Melissa Burnett (**"Burnett"**), Shawn Clark (**"Clark"**), and Heavy Stone Rings, LLC (**"Heavy Stone Rings"**) as follows:

## PARTIES

1. Lashbrook is a Utah limited liability company with its principal place of business located at 131 E. 13065 S. Draper Utah, in Salt Lake County.

2. Anderson is an individual, who on information and belief resides at an unknown address in Utah.

3. Burnett is an individual, who on information and belief resides at 8018 S. 3530 W. in West Jordan, Utah, and is therefore a resident of Salt Lake County.

4. Clark is an individual, who on information and belief resides at an unknown address in Utah.

5. Heavy Stone Rings is a Utah limited liability company with its principal place of business located at 426 E 1750 N Unit F, Vineyard, UT 84059.

6. On information and belief, Anderson was a member or manager of Heavy Stone Rings at relevant times in 2020 and 2021.

7. On information and belief, Clark was a member or manager of Heavy Stone Rings at relevant times in 2020 and 2021.

8. On information and belief, Clark continues to be a member or manager of Heavy Stone Rings at the time this Complaint is filed.

9. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1836(c), and 28 U.S.C. §§ 1331 and 1367.

10. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

11.     At all relevant times between at least January 2, 2019 and December 9, 2020, Burnett was an employee of Lashbrook.

12.     On or about January 2, 2019, Burnett entered a contract with Lashbrook titled "Covenant Not to Compete, Disclose, or Solicit" (the **"Contract"**).

13.     A true and correct copy of the Contract is attached hereto as Exhibit A.

14.     The contract was supported by consideration, including Burnett's ongoing employment with Lashbrook.

15.     As an employee of Lashbrook, Burnett had access to Lashbrook's customer lists, contact lists, sales records, and other forms of information constituting Trade Secrets (as that term is defined in either: (a) the Contract; (b) 18 U.S.C. § 1839(3); or (c) Utah Code § 13-24-2(4)).

16.     Lashbrook's contact lists, sales records, and other business information constitute compilations that derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use, and are the subject of reasonable efforts to maintain their secrecy.

17.     Lashbrook and Heavy Stone Rings are competitors in the business of men's wedding rings and comparable jewelry, including particularly in the business of supplying retail jewelry establishments across the country with inventory, and fulfilling orders solicited by such entities.

18.     Both Lashbrook and Heavy Stone Rings conduct business essentially from coast-to-coast in the United States, including through interstate commerce.

19. On or about October 23, 2020, Burnett determined to explore ceasing work for Lashbrook and taking her services to one of Lashbrook's direct competitors, Heavy Stone Rings.

20. On or about October 23, 2020, Burnett sent a text message to Clark inquiring about the possibility of working for Heavy Stone Rings after terminating her employment with Lashbrook.

21. Between October 23, 2020 and January 14, 2021, Burnett and Clark exchanged several messages about the possibility of Burnett working for Heavy Stone Rings after termination of her employment with Lashbrook.

22. In their text messages, Burnett and Clark discussed the timing of Burnett's move, the economic health of Heavy Stone Rings, and the possibility that Burnett could either be employed at Heavy Stone Rings on a salaried basis or on the basis of a commission/percentage of sales.

23. Through these text messages, Burnett delivered to Clark and Heavy Stone Rings certain Trade Secrets belonging to Lashbrook.

24. On or about November 23, 2020, Burnett and Clark met for lunch at Bohemian Brewery.

25. Sometime in approximately the next week, Burnett also met with Andersen.

26. Heavy Stone Rings was aware that Burnett's actions would give rise to a legal dispute with Lashbrook.

27. Heavy Stone Rings and/or Clark and/or Anderson advanced to Burnett the funds she needed to retain a lawyer to engage in disputes between herself and Lashbrook.

28. Heavy Stone Rings, Clark, and Anderson were aware prior to December 11, 2020, that Burnett was party to the Contract with Lashbrook.

29. Burnett shared reports from Lashbrook's NetSuites files with Clark, Anderson, and Heavy Stone Rings.

30. Clark shared with Anderson and Heavy Stone Rings certain reports that he wrongfully obtained from Burnett.

31. On information and belief, with the Trade Secrets obtained through Burnett, Clark and Anderson were able to target Lashbrook's higher volume and more strategically important customers, and solicit their business.

32. On information and belief, with the Trade Secrets obtained through Burnett, Clark and Anderson were able to propose to make rings copying Lashbrook's styles and patterns.

**FIRST CAUSE OF ACTION**
**(Breach Of Contract)**
**Utah Common Law**

33. Lashbrook incorporates the foregoing allegations by reference.

34. Between October 23, 2020 and the time of the filing of this complaint, Burnett has breached the Contract by disclosing to Anderson, Clark, and Heavy Stone Rings certain Trade Secrets.

35. Although the contract calls for a notice and cure period, allowing Burnett to attempt to cure a disclosure of trade secrets would be futile, as she cannot undisclose what has already been disclosed.

36. Burnett has attempted to breach the non-compete provisions of the Contract, by seeking employment with Heavy Stone Rings and/or other similarly situated entities.

37. On information and belief, Burnett may have begun to work for Heavy Stone Rings or another Lashbrook competitor, in direct competition with Lashbrook.

## SECOND CAUSE OF ACTION
### (Injunctive Relief- Non-compete)
### Utah Common Law

38. Lashbrook incorporates the foregoing allegations by reference.

39. The Contract allows Lashbrook to seek a preliminary and permanent injunction against Burnett prohibiting her from working for one of Lashbrook's competitors during the relevant time period.

40. Based upon Burnett's efforts to breach the contract, Lashbrook is entitled to a permanent injunction enjoining Burnett from being employed by Heavy Stone Rings or any of its related companies during the relevant time period.

41. On December 7, 2020, Burnett informed management at Lashbrook that she had accepted a position with Heavy Stone Rings and would be starting the job at the beginning of the year.

42. On December 9, 2020, Lashbrook accepted Burnett's statement as a resignation, and send her a termination letter.

43. The "relevant time period" in reference to the provisions cited above should extend for one year from the date of this complaint, in light of Burnett's ongoing breach of the agreement in attempting to go to work for Heavy Stone Rings or another of Lashbrook's competitors.

## THIRD CAUSE OF ACTION
### (Misappropriation of Trade Secrets)
### Utah Code 13-24-1 et seq.

44. Lashbrook incorporates the foregoing allegations by reference.

45. Lashbrook's customer list and sales volume information was not generally known to, or reasonably ascertainable by proper means, by its competitors, including Heavy Stone Rings.

46. Lashbrook's other Trade Secrets were not generally know to, or reasonably ascertainable by proper means, by its competitors, including Heavy Stone Rings.

47. Lashbrook made reasonable efforts under the circumstances to maintain the secrecy of its customer lists and sales volume information.

48. Lashbrook made reasonable efforts under the circumstances to maintain the secrecy of its other Trade Secrets.

49. Heavy Stone Rings, Anderson, and Clark obtained from Burnett a wrongfully taken client list.

50. Heavy Stone Rings, Anderson, and Clark obtained from Burnett other Trade Secrets.

51. Heavy Stone Rings, Anderson, and Clark had reason to know that Burnett was contractually obligated not to disclose Lashbrook's client information and/or other Trade Secrets.

52. Burnett, Heavy Stone Rings, Anderson, and Clark misappropriated Lashbrook's Trade Secrets by acquiring Trade Secrets of Lashbrook while knowing or having reason to know that the Trade Secrets were acquired by improper means.

53. On information and belief, Clark or Burnett shared information obtained improperly with other individuals or entities, including the John Does named herein.

54. On information and belief, the John Does named herein received the information from Heavy Stone Rings, Anderson, Clark, or Burnett knowing that such information was private and improperly obtained.

55. On information and belief, the John Does named herein have made use of wrongfully obtained information in order to devise a scheme to compete with Lashbrook.

56. Heavy Stone Rings, Anderson, Clark, and Burnett acted willfully and maliciously to harm the business of Lashbrook through wrongful competition.

## FOURTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets)
### 18 U.S.C. § 1831 et seq.

57. Lashbrook incorporates the foregoing allegations by reference.

58. Defendants have misappropriated Lashbrook's trade secrets in order to unfairly compete in interstate commerce.

59. Defendants' misappropriation of Lashbrook's trade secrets has damaged Lashbrook by causing business previously flowing to Lashbrook to be intercepted by Defendants or their co-conspirators.

60. But for Defendants' misappropriation of Lashbrook's trade secrets, Defendants and their co-conspirators would not have been able to target Lashbrook's major clients in order to steal their business from Lashbrook.

61. The identity and volume of business done by Lashbrook with its major customers is part of the trade secrets wrongfully misappropriated by Defendants.

### FIFTH CAUSE OF ACTION
### (Injunctive Relief- Non-Disclosure)
### Utah Common Law

62. Lashbrook incorporates the foregoing allegations by reference

63. The Contract allows Lashbrook to seek a preliminary and permanent injunction against Burnett prohibiting her from disclosing Lashbrook's Trade Secrets and confidential information.

64. Lashbrook will suffer irreparable harm if Anderson and/or Clark and/or John Does are permitted to disclose Lashbrook's Trade Secrets and confidential information.

### SIXTH CAUSE OF ACTION
### (Tortious Interference with Economic Relations)
### Utah Common Law

65. Lashbrook incorporates the foregoing allegations by reference.

66. Lashbrook has contractual and economic relations with various customers, including retail jewelry establishments nationwide.

67. Heavy Stone Rings acquired a copy of Lashbrook's customer lists and/or other Trade Secrets through wrongful means.

68. On information and belief, Heavy Stone Rings caused harm to Lashbrook by contacting Lashbrook's customers and soliciting their business.

### PRAYER FOR RELIEF

**WHEREFORE**, Lashbrook seeks judgment against Anderson, Burnett, Heavy Stone Rings, Clark, and potentially John Does to be identified, as follows:

a) On the First Cause of Action, for damages, in an amount to be proven at trial, arising out of Burnett's breach of her Contract with Lashbrook;

b) On the Second Cause of Action, for an injunction preventing Burnett from sharing Lashbrook's trade secrets, or competing with Lashbrook during the year following the filing of this Complaint;

c) On the Third Cause of Action, for damages against Anderson, Burnett, Heavy Stone Rings, Clark, and potentially John Does for misappropriation of trade secrets;

d) On the Fourth Cause of Action, for damages against Anderson, Clark, Heavy Stone Rings, and potentially John Does, for their misappropriation of Lashbrook's Trade Secrets and other confidential information;

e) On the Fifth Cause of Action, for a permanent injunction preventing Burnett, Anderson, Clark, and potentially John Does from further disseminating or using Lashbrook's Trade Secrets and confidential information;

f) On the Sixth Cause of Action, for damages against Anderson, Clark, Heavy Stone Rings, and potentially John Does for tortious interference with contract;

g) Awarding attorneys' fees and costs; and,

h) Awarding any other relief that is just and appropriate.

DATED: August 5, 2022

                                  WORKMAN NYDEGGER

                                  /s/ T. Edward Cundick
                                      T. Edward Cundick
                                      Matthew A. Barlow

                                  *Attorneys for Plaintiff Diamonds Direct, L.C. d/b/a Lashbrook Jewelry Designs*